McKAY v. HUDSON et al.

(Circuit Court, S. D. New York. October 1, 1902.)

1. ACCOUNTING—TRUST RELATION.

Complainant supplied money to M. to invest in stock speculation in M.'s name; complainant not to be known in the matter. M. bought and sold on margin through defendant brokers, having several accounts with them, all in his own name, but in some of which complainant was not interested. *Held*, that there was no trust relation between complainant and defendants, authorizing a suit by him against them for an accounting.

2. SAME—PARTIES—CUSTODIANS OF JOINT FUNDS.

Nor are defendants custodians of joint funds. so that they may be made defendants as such in a suit against M. for an accounting, though complainant may have an interest in what M. may receive from them when he settles his account with them.

3. SUIT—FAILURE AS TO CERTAIN DEFENDANTS—RETENTION AS TO OTHERS.

The whole structure of a bill, as well as its specific prayer, showing that it was directed against the defendants other than M. for substantial relief, and that he was joined merely to cut off his rights, it failing against the other defendants, cannot be retained against him for an accounting.

Davies, Stone & Auerbach, for complainant.

Joseph Fettretch and Ernest E. Baldwin, for defendants.

TOWNSEND, Circuit Judge. In the view which this court takes of this case, it seems unnecessary to state the facts in detail. The complainant supplied money to the defendant Moore to be used in operating in stocks; the operations to be carried on in Moore's name, and the complainant not to be known as interested in them. Moore bought and sold stocks upon margin through the firm of C. I. Hudson & Co., in which the other defendants were partners. The accounts—there were several, in some of which complainant claims no interest—were in Moore's name, and under his control, and the complainant was not known as interested in any of them. The money received from complainant was paid to the brokers as Moore's, and the complainant intended that it should be. The rights and obligations of the brokers with respect to the accounts and the securities held in them was the same, it would seem, whether the complainant was or was not somehow interested in some of them as between himself and Moore. The firm assumed no fiduciary relation to the complainant. No such relation resulted from anything which they did or left undone. No thought of such a relation seems to have arisen until this suit was in contemplation. It appears in the bill, but was abandoned on final hearing. There seems to be no basis for a decree that the defendants C. I. Hudson & Co. account to the complainant.

Treating the suit as one for an accounting against the defendant Moore, the complainant's counsel now suggests that the other defendants are properly joined as "custodians of the joint funds." This makes a striking change of parts, in view of the prayers of the bill. But I do not think these defendants are "custodians of joint funds," although it be assumed that the complainant has an interest in what

the defendant Moore may receive from C. I. Hudson & Co. when he shall have settled his account with them.

My conclusion is that the bill must be dismissed as against the defendants other than Moore, with costs.

It remains to consider whether an accounting should be decreed in favor of complainant against the defendant Moore. It does not seem necessary to determine exactly what was said in the very informal talk in which the relations between these parties originated, nor exactly what the parties intended, nor whether a relation of a fiduciary character resulted. For if it be assumed that the relation was of such a character as to give a basis for a right to an accounting, I do not think an accounting should be decreed under the bill herein. Not only the specific prayer, but the whole structure of the bill, shows that it was drawn upon an entirely different theory. No such relief is asked. Moore seems to have been joined upon the theory—although this is not made clear—that the suit against the other defendants proceeds somehow in his right. Clearly, these other defendants are those against whom the bill is directed. The bill makes Moore only a bystander in the suit, whose presence is desired merely to cut off his rights, while the complainant seeks substantial relief from the other defendants. Under the general prayer, relief not specifically asked may, of course, be granted. But it does not seem proper to grant relief which is wholly outside of the purpose shown by the body of the bill, as well as its specific prayer, and which is asked for upon final hearing against a person other than those whom it is the evident purpose of the bill to reach. For this reason, and without passing upon the several questions involved in determining whether complainant is entitled to an accounting as against the defendant Moore, I hold that the bill should be dismissed as against him, also, with costs, but without prejudice to the right to assert such a claim in a proper suit.